[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-11848

_____

D. C. Docket No. 04-80092-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUADALUPE RAYMOND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 31, 2007)**

Before BIRCH and FAY, Circuit Judges and DUFFEY,[*] District Judge.

PER CURIAM:

---

[*]Honorable William S. Duffey, Jr., United States District Judge for the Northern District of Georgia, sitting by designation.

After a careful review of the record and the briefs of the parties and having entertained oral argument, we **AFFIRM**. With respect to the issues raised on appeal, we reach the following conclusions:

A. **Sufficiency of the evidence**

Raymond's fraud convictions were supported by her admissions, her statements and conduct evidencing her consciousness of guilt, by the testimony of accomplice witnesses and through the presentation of borrowers whose testimonies established that Raymond knowingly prepared and submitted materially false loan applications.

B. **Propriety of drug dealing evidence**

The district court properly permitted receipt of evidence of certain drug interdictions since the obstruction count identified that drug smuggling operation as the particular investigation which Raymond's conduct sought to impede, and also because it provided the motive for Raymond's falsification of certain loan files.

C. **Propriety of the use of certain deposition testimony**

The district court did not abuse its discretion in ordering and admitting into evidence the deposition testimony of Edwin Jack since Jack possessed material

information which would not have been available at trial unless preserved by deposition.

**D.   Propriety of district court's refusal to extend immunity to a potential witness**

The district court properly declined to confer judicial immunity on Donna Galloway, for among other reasons, Raymond's failure to establish the requisite evidentiary predicate for even the court's consideration of such an extraordinary step.

**E.   Failure of the district court to grant a mistrial**

The district court did not abuse its discretion in denying Raymond a mistrial based upon the prosecution's failure to provide at pretrial Marie Lisa Frederique's grand jury transcript since her testimony therein was not exculpatory, its substance known to Raymond and no prejudice was experienced as a result of its later disclosure. Moreover, the district court did not abuse its discretion in denying a mistrial based upon Jack Adderley's pretrial perusal of Edwin Jack's deposition testimony since it did not violate Fed.R.Evid. 615, did not result in prejudice and was properly addressed by the district court's permission to permit Adderley to be cross-examined on the matter.

**F.   Failure to sentence Raymond according to the law and record**

The district court properly determined Raymond's base offense level and her specific offense characteristic level, which was calculated according to the intended loss of the nine loans which formed the basis of the offenses of conviction as well as twenty other relevant fraudulent loan transactions. Moreover, Raymond waived the issue of whether the court erred in enhancing her base offense level for more than minimal planning, abuse of trust, and obstruction of justice, by improperly incorporating by reference arguments made before the district court. In addition, the district court's consideration of uncharged or acquitted conduct did not violate United States v. Booker, 543 U.S. 220, 125 S.Ct. 378 (2005), or Raymond's constitutional rights. Finally, because the district court considered all of the factors set forth in 18 U.S.C. § 3553(a), Raymond's sentence was reasonable.

Accordingly, we **AFFIRM.**